Gibson *v.* Bailey & Randolphs.

---

## JASON D. GIBSON. *vs.* BAILEY & RANDOLPHS.

A party can only recover commissions for advancing to take up a bill of exchange or other obligation at maturity, where there was an express contract to pay commissions, or the course of dealing between the parties will prove the existence of such a contract.

A failure to pay a bill, only entitles the holder to legal interest, and such damages as the law allows under a certain state of facts.

The law will presume that the holder of a bill of exchange is only entitled to legal interest, and if he claims more, he must show facts taking the case out of the operation of this rule of law.

In error from the circuit court of Holmes county; Hon. R. C. Perry, judge.

The opinion of the court contains the facts of the case.

* A petition was filed in this case by the counsel for appellees for a re-argument, but was refused by the court.

Gibson *v.* Bailey & Randolphs.

*J. D. Red*, for appellant.

*Brooke & Wright*, for appellees.

Mr. Justice Fisher delivered the opinion of the court.

This was an action of assumpsit in Holmes circuit court, by the defendants, against the plaintiff in error, on a bill of exchange for $735, drawn by Bailey & Randolphs in favor of themselves, on J. D. Gibson, and by him accepted. There is also a count in the declaration upon an account stated.

The general issue and payment were pleaded, upon which issues the case was submitted to the jury. On the trial, the plaintiffs below introduced as evidence the bill of exchange, and then closed their testimony. The defendant proved by the admissions of the plaintiffs, that certain items offered as a set-off were correct. The plaintiffs then introduced a witness and open account against the defendant, commencing in May, 1848, and extending up to May, 1849, in which was charged the draft sued on, and $18.43 commissions, for advancing the amount of the draft at maturity; and a credit is given to the defendant for the amount admitted, under the plea of payment. No other items of the account are stated, but we must presume that it contained others. This account was proved to be correct by the witness introduced.

After the evidence was closed, the court was asked to instruct the jury that the charge of $18.43 for commissions, &c., should not be allowed against the defendant, which the court refused to give. Other objections as to other points in the case, are urged against the ruling of the court; but it is not necessary to notice them, as they relate merely to the open account, which is not set out in the bill of exceptions. A motion was made for a new trial, and overruled, to which a bill of exceptions was taken.

The only point which we can notice, is the refusal of the court to charge as to the item of $18.43 for commissions. The bill of exchange was drawn on and accepted by the defendant at Richland, Mississippi, but payable at the house of Payne & Harrison, in New Orleans. Nothing appears to show that it

was ever indorsed, or out of the possession of the plaintiffs be-
low. If, therefore, they made an advance at maturity, they
must have made it to themselves, as they were the holders;
at least, we must so presume. The charge was, therefore, made
for a failure to pay at maturity. The law is clear in this State,
that a party can only recover commissions for advancing to
take up a bill or other obligation at maturity, where there was
an express contract to pay commissions, or the course of deal-
ing between the parties will prove the existence of such con-
tract. A failure to pay a bill only entitles the holder to legal
interest, and such damages as the law allows under a certain
state of facts. The law will presume that the holder of the
bill is only entitled to legal interest; if he claim more, he must
show the facts taking the case out of the operation of the rule
of law.

The plaintiffs in this case made no such proof. The judg-
ment must, therefore, be reversed. Plaintiffs may remit if they
elect to do so. Judgment reversed.